**COMMONWEALTH of Pennsylvania**

v.

**Henry M. GREER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.

Filed Jan. 4, 2005.

Henry M. Greer, appellant, Pro Se.

Clarence N. Patterson, Jr., Asst. Dist. Atty., York, for Com., appellee.

BEFORE: FORD ELLIOTT, BECK, and POPOVICH, JJ.

OPINION BY FORD ELLIOTT, J.:

¶ 1 This is an appeal from the denial of appellant's *pro se* petition for writ of *habeas corpus* and application for appointment of counsel, filed October 29, 2003. Also before us is appellant's application for relief, filed as a "Motion for Leave to Seek Recusal of York County District Attorney's Office[,]" filed with this court October 20, 2004. Because appellant's *habeas corpus* petition, which our legislature has subsumed within the ambit of the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, constitutes, at a minimum, appellant's fifth attempt to obtain PCRA relief from a judgment of sentence that became final in 1989, we find it untimely

and therefore affirm its dismissal.[1] We also affirm the trial court's denial of appellant's application for appointment of counsel, and deny appellant's application for relief in the form of recusal, filed with this court. Finally, we hold that appellant has exhausted his state court remedies.

¶ 2 This court has spoken repeatedly to appellant's issues, as a panel of this court, in a memorandum filed June 19, 2001 explained:

At the outset, we note that the history of Appellant's case is protracted, as the case traveled throughout the Pennsylvania appellate court system, the U.S. District Court, the Third Circuit Court of Appeals, to the United States Supreme Court. The case originated more than 20 years ago, in March, 1980, when a jury found Appellant guilty, at No. 1009 CA 1979, of rape and robbery. Ultimately, on March 31, 1988,[Footnote 1] a 15 to 30–year sentence was imposed to run consecutively to the 15 to 30–year sentence imposed on October 16, 1980, at No. 1060 CA 1979, as a result of Appellant's convictions for rape, aggravated assault and burglary. Judgment of sentence was ultimately affirmed on February 24, 1989. *Commonwealth v. Greer*, [382 Pa.Super. 127,] 554 A.2d 980 (Pa.Super.1989). Appellant's petition for allowance of appeal *nunc pro tunc* was denied on September 19, 1990.

On August 21, 1991, Appellant filed a *pro se* petition for PCRA relief. By order dated November 13, 1991, the PCRA court denied relief, finding the issues raised to have been finally litigated or waived. Docket Entry 72, PCRA

Opinion, 11/13/91, at 6.[Footnote 2 omitted.] Appellant's request for counsel was also denied by this order, impliedly because Appellant had had the benefit of counsel in previous PCHA proceedings. *Id.* at 3–5. This Court affirmed the order dismissing his PCRA petition on August 13, 1992, the Pennsylvania Supreme Court denied his petition for allowance of appeal on June 21, 1993, and the United States Supreme Court denied his petition for *certiorari*. *Commonwealth v. Greer*, [424 Pa.Super. 645,] 617 A.2d 389 (Pa.Super.1992), *appeal denied*, 534 Pa. 653, 627 A.2d 730 (1993), *cert. denied*, 513 U.S. 936, 115 S.Ct. 335, 130 L.Ed.2d 293 (1994).

On August 26, 1997, Appellant petitioned for a writ of *habeas corpus*. The court denied this request, on October 30, 1997, reasoning that all of the issues raised in the petition had been discussed in the prior PCRA petition. Docket Entry 84. On May 20, 1998, we affirmed the order denying relief, and the Supreme Court denied appellant's petition for allowance of appeal on April 6, 1999. *Commonwealth v. Greer*, 718 A.2d 857 (Pa.Super.1998), *appeal denied*, 558 Pa. 628, 737 A.2d 1223 (1999).

On September 2, 1999, Appellant filed the *pro se* petition for PCRA relief presently before this Court.[Footnote 3] On March 8, 2000, the court entered an order scheduling a PCRA hearing for May 31, 2000, and the Commonwealth filed a rule to show cause why the hearing should not be cancelled and the petition should not be dismissed. The court

1. **§ 9542. Scope of subchapter**
   This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.
   42 Pa.C.S.A. § 9542.

convened on May 31, 2000, and addressed the Commonwealth's motion. Appellant was not present at the hearing due to transportation problems, but was represented by present counsel, Frank Arcuri, Esquire. At the conclusion of the hearing, the PCRA court denied Appellant's request for an evidentiary hearing, and dismissed his PCRA petition. On June 6, 2000, counsel filed a timely notice of appeal in this Court.[Footnote 4]

---

[Footnote 1] The initial judgment of sentence imposed on August 8, 1980 was vacated at appellant's request, but for unknown reasons a date for re-sentencing was never set. *See, Commonwealth v. Greer,* [382 Pa.Super. 127,] 554 A.2d 980 (Pa.Super.1989). In this interim, between the initial 1980 sentencing and the ultimate 1988 resentencing, a counseled, PCHA (Post Conviction Hearing Act, the precursor to the PCRA) petition was filed in April, 1982. The petition was denied, following a hearing, on March 21, 1985. Appellant's appeal from the denial of PCRA relief was dismissed for failure to file a brief, and a second, counseled PCHA petition was filed on April 5, 1987. According to the record, however, no disposition of this petition has occurred. Apparently, due to a letter from PCHA counsel, Clyde W. Vetter, Esquire, that Appellant had retained 'new private defense counsel...

if appropriate to amend the latest petition[,]' resolution of the petition was deferred and never rescheduled. Docket entry no. 72, PCRA Opinion, 11/13/91; *see also, Commonwealth v. Greer,* [424 Pa.Super. 645,] 617 A.2d 389 (Pa.Super.1992), *appeal denied,* 534 Pa. 653, 627 A.2d 730 (1993), *cert. denied,* 513 U.S. 936, 115 S.Ct. 335, 130 L.Ed.2d 293 (1994).

[Footnote 2 omitted.]

[Footnote 3] We note that included in the certified record is an order dated July 22, 1999, giving Appellant twenty days' notice of the court's intent to dismiss without hearing a PCRA petition dated July 2, 1999. Although Appellant filed an objection to the PCRA court's notice, no further action was taken regarding the July 2, 1999 petition.

[Footnote 4] We note that due to the tortuous procedural history of this case, we are unable to discern with absolute accuracy how many petitions for post-conviction relief have been filed by Appellant. At a minimum, we conclude this is Appellant's fourth such request for relief.

*Commonwealth v. Greer,* No. 1254 MDA 2000, unpublished memorandum at 1–4, 779 A.2d 1217 (Pa.Super. filed June 19, 2001), *appeal denied,* 568 Pa. 627, 793 A.2d 905 (2002).[2]

▮▮ ¶ 3 Pursuant to 42 Pa.C.S.A. § 9545, any PCRA petition must be filed

---

2. Missing from this court's summary, *supra,* and not a part of the certified record, are appellant's petitions for writ of **habeas corpus,** filed with the U.S. District Court for the Middle District of Pennsylvania on or about November 21, 1990 at docket number 2031, and on or about September 15, 1995 at docket number 1555. On May 9, 1991, the Honorable Richard P. Conaboy entered a memorandum and order dismissing the petition filed at docket number 2031. *Greer v. Vaughn,* No. 90–2031, unpublished memorandum (U.S. Dist. Ct. M.D. Pa., filed May 9, 1991) (District Court docket number 12). On or about Sep-

tember 30, 1996, Judge Conaboy dismissed the second petition, docketed at number 1555. In that order, Judge Conaboy also ordered the Clerk of Court to close the case, and ordered that any appeal from the order would be deemed frivolous, without probable cause, and not taken in good faith. *Greer v. Commonwealth of Pennsylvania,* No. 95–1555, unpublished order (U.S. Dist. Ct. M.D.Pa. filed September 30, 1996) (District Court docket number 12.) Nonetheless, appellant filed an appeal from that order to the Third Circuit Court of Appeals, which dismissed the appeal

within one year of the date the judgment becomes final, subject to three very limited circumstances. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). As this court stated in *Greer*, No. 1254 MDA 2000, "Essentially, a PCRA petition must be filed within one year from the date judgment of sentence became final. *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998)." *Id.*, unpublished memorandum at 6–7.[3] "This timeliness requirement is applicable to all PCRA petitions, including second and subsequent ones. 42 Pa.C.S.A. § 9545(b)(1)." *Id.* at 7.

> Moreover, the timeliness of a PCRA petition implicates the jurisdiction of the court to address the merits of the petition. *See, Commonwealth v. Murray*, [562 Pa. 1,] 753 A.2d 201 (Pa.2000) (holding timeliness implicates the jurisdiction of the court, and the Court cannot disregard it in order to reach the merits of the claims).

*Id.*

¶ 4 "Appellant's February 24, 1989 judgment of sentence became final on March 27, 1989. *See* 42 Pa.C.S.A. § 9545(b)(3)." *Id.* The panel whose unpublished memorandum we have extensively quoted, deciding the timeliness of appellant's earlier PCRA petition, filed September 2, 1999, found it untimely as it was not filed until more than ten years after his judgment of sentence became final. *Id.*

¶ 5 In this case, appellant's petition for writ of **habeas corpus**, which we treat as a PCRA petition pursuant to 42 Pa.C.S.A. § 9542(a), set forth *supra*, was filed on October 29, 2003. Pursuant to the law of the case, as well as the law of the Commonwealth, the petition is therefore untimely and neither the PCRA court nor this court possesses jurisdiction to decide it. *See Commonwealth v. Viglione*, 842 A.2d 454, 461–462 (Pa.Super.2004) (*en banc*), quoting *Commonwealth v. Starr*, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995) (observing, " 'Among the related but distinct rules which make up the law of the case doctrine are that … (2) upon a second appeal, an appellate court may not alter the resolution of a legal question to which appellant has taken advantage of judicial process, to no avail.

---

and denied the certificate for appealability, stating it was satisfied appellant's claims lacked merit. (*Id.* at docket number 19.) Appellant apparently filed a third petition with the District Court on March 19, 2002; however, we lack further information as to the status of that petition.

We recognize that we may not consider matters *de hors* the record. *See Commonwealth v. Atkinson*, [364 Pa.Super. 384,] 528 A.2d 210, 217 n. 1 (Pa.Super.1987), quoting *Commonwealth v. Pursell*, 508 Pa. 212, 222 n. 3, 495 A.2d 183, 188 n. 3 (1985) (stating, " '[F]actual allegations, *de hors* the record, cannot be considered by a reviewing court and the practice of asserting facts in an appellant's brief, which allegations do not appear in the record, has recently again been condemned' by our Supreme Court."), *appeal denied*, 520 Pa. 586, 551 A.2d 213 (1988). We take judicial notice of these orders, which are not factual allegations but public records, only for the purpose of indicating the extent

3. An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party and to the Court.
*Schaaf v. Kaufman*, 850 A.2d 655, 662 (Pa.Super.2004), quoting Superior Court Internal Operating Procedures, § 65.37(A.), 42 Pa. C.S.A.

previously decided by the same appellate court ....' ") (other citations omitted).

¶ 6 Moreover, we hold that appellant has exhausted his state court remedies for purposes of seeking federal *habeas* review pursuant to 28 U.S.C. § 2254(b)(1)(A) (providing, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ....."). *See Commonwealth v. Lambert*, 765 A.2d 306, 323 n. 13 (Pa.Super.2000) (observing, in the context of affirming the dismissal of a PCRA petition, "We are also aware that our Supreme Court may not have the opportunity to address this action. *See In Re: Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, No. 218 Judicial Administration Docket No.1 (*per curiam*) (May 9, 2000)) (stating effective immediately, following adverse order from Superior Court or Supreme Court of Pennsylvania, petition for rehearing or allowance of appeal no longer required in post-conviction relief matters to exhaust state court remedies for purposes of federal habeas proceedings."). *Accord Lambert v. Blackwell*, 387 F.3d 210, 233 (3rd Cir.(Pa.) 2004) (holding that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under [28 U.S.C.] § 2254(c).").

¶ 7 We affirm the denial of appellant's petition for writ of *habeas corpus;* affirm the denial of appellant's application for appointment of counsel to represent him in an appeal from the denial of at least his fifth PCRA petition in the form of a petition for *habeas* relief; and deny appellant's application for relief, filed with this court, as moot. Finally, we hold that appellant has exhausted his state court remedies in this matter.

¶ 8 Order affirmed. Application for relief denied. Jurisdiction is relinquished.