J. S38010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
        v.    :
             :
HYKEEM BOYD,       :    No. 1747 EDA 2013
             :
      Appellant  :


Appeal from the Judgment of Sentence, May 2, 2013,
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos. CP-46-CR-0006404-2011,
CP-46-CR-0006414-2011


BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 24, 2014**

   Hykeem Boyd appeals the judgment of sentence entered on May 2, 2013, in the Court of Common Pleas of Montgomery County.  We affirm.

   The facts and procedural history of this case are as follows.  At trial, the Commonwealth presented testimony from one witness, Corporal David Stowell of the Norristown Police Department.  Corporal Stowell testified that on August 15, 2011, he was positioned on the roof of a building to survey a residence approximately one block away, 127 West Airy Street.  While using binoculars, Corporal Stowell saw another corporal with the Norristown Police Department, Corporal Dumas, transporting a confidential informant ("CI") to a controlled buy.  (Notes of testimony, 2/22/11 at 12.)  The CI had previously been searched and found to be free of contraband.  As the CI

arrived at 127 West Airy Street, appellant exited the house. The two walked together onto another street, then re-emerged a few seconds later. Appellant returned to the house, and the CI walked to the other corporal's vehicle.

The parties stipulated that the other corporal would testify as follows. On the date in question, Corporal Dumas was running a controlled buy. (*Id.* at 13.) The corporal searched the CI, whom he found to be free of drugs and contraband. He gave the CI money and watched him walk down the street. The corporal witnessed the CI return to the car minutes later and hand over contraband. The parties stipulated that a controlled buy took place and that the contraband was heroin. (*Id.*) The only fact not stipulated was appellant's identification. (*Id.*)

Corporal Stowell also testified to other drug transactions he witnessed appellant engage in on August 15, 2011. Prior to the controlled buy, Corporal Stowell witnessed Matthew Works texting and walking in the direction of 127 West Airy Street. (*Id.* at 17.) As Works approached the residence, appellant came out and the two men walked in the same direction that appellant was later seen walking with the CI. (*Id.*) A few seconds later, the men re-emerged and appellant returned to the residence. Works was stopped by the police and found to be in possession of three pinkish red bags containing cocaine. (*Id.* at 18.)

Going slightly further back in time, Corporal Stowell testified to a controlled buy which occurred outside the residence. Corporal Stowell testified that this buy involved appellant's sister, Davita Boyd.[1] Appellant had been seen going in and out of the residence several times prior to the transaction with Davita. (*Id.* at 22.)

Thereafter, Norristown police executed a search warrant at 127 West Airy Street, Apartment 2. In the entryway, police found a letter addressed to appellant, albeit at a different address, along with mail addressed to Davita. (*Id.* at 23-24.) Corporal Stowell testified that appellant and his sister had just moved into this residence from 137 Ann Street. (*Id.* at 36.) The apartment at 127 West Airy Street, on the second and third floors of the building, was reached via stairs from the first floor foyer. (*Id.* at 25.) Upon entering the kitchen, the police observed a juvenile male with approximately 25 bags of crack cocaine at his feet. A search of the kitchen cupboard revealed approximately 42 bags of heroin stamped with the words "way to go." (*Id.*)

Underneath the radiator in the kitchen were a loaded handgun and approximately 100 bags of crack cocaine. (*Id.* at 25-26.) A box with

---

[1] Davita Boyd was convicted of possession of a controlled substance with intent to deliver (heroin), possession of a controlled substance with intent to deliver (cocaine), and two counts of criminal conspiracy. A panel of this court affirmed her conviction but remanded the case for re-sentencing pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013); *Commonwealth v. Boyd,* No. 235 EDA 2013, unpublished memorandum (Pa.Super. filed June 23, 2014).

approximately $1,200 was recovered on a table. Most of the bags of crack cocaine were the same size, and had the same pinkish/red color, as the bags recovered from Works. (*Id.* at 26, 29.) Appellant was seen climbing out the back window of the apartment when police arrived, but he was immediately apprehended. (*Id.* at 41-42.) Upon arrest, a bag of marijuana was recovered from his pocket. (*Id.* at 42.)

The Commonwealth brought charges against appellant under two separate docket numbers. Following a bench trial, in the case at No. 6404-11, appellant was found guilty of possession with intent to deliver crack cocaine and heroin, possession of marijuana, and possession of drug paraphernalia. The trial court found appellant guilty in the case indexed at No. 6414-11 of possession with intent to deliver (cocaine), possession of cocaine, and drug paraphernalia. On May 2, 2013, the trial court imposed the recommended sentence which appellant agreed to; appellant was sentenced to five to ten years' imprisonment for the possession with intent to deliver conviction at No. 6404-11, and one to three years' imprisonment for possession with intent to deliver at No. 6414-11. No post-sentence motions were filed.

Appellant failed to file a direct appeal immediately following the imposition of judgment of sentence. However, following the filing of a *pro se* motion on May 17, 2013, his appeal rights were reinstated *nunc pro tunc* on May 23, 2013. Appellant filed a *pro se* notice of appeal on June 13,

2013, and he is now represented by counsel. The following issues have been presented for our review.

> I. Whether the Court erred, in granting the Commonwealth's Motion in Limine to admit other bad act evidence pursuant to Pa.R.E. 404(B) because the probative value of admitting prior drug sales did not outweigh the unfair prejudice to appellant?
>
> II. Whether there was insufficient evidence to support the finding of guilt on the charges of Possession with Intent to Deliver and Possession of the Cocaine and Heroin found inside 127 West Airy Street, Norristown, Pennsylvania, as the only evidence attempting to show constructive possession is a letter found inside the entryway addressed to appellant at 137 Ann Street, Norristown, besides his physical presence at the time of the search?
>
> III. Whether the appellant knowingly, voluntarily, and intelligently agreed to his counsel's recommendation to accept a joint recommended sentence of five (5) to ten (10) years of incarceration on the Possession with Intent to deliver charge on file indexed at 6404-2011 and a sentence of one (1) to three (3) years of incarceration on the Possession with Intent to deliver charge on file indexed at 6414-2011 with RRRI eligibility because appellant mistakenly believed that the Commonwealth could have sought imposition of a five year mandatory minimum sentence for a drug offense being in close proximity to a firearm, which was not set forth in the Bills of Information and/or found as a fact at the bench trial in accordance with the decision of [**Alleyne**, **supra**] and where the Commonwealth withdrew all firearms charges at the time of trial?

> IV. Whether the Commonwealth presented insufficient evidence to establish the weight of the controlled substances for purposes of sentencing as the lab reports were never introduced into evidence at the time of the trial and/or at the sentencing hearing, which were relied upon in formulating the sentencing guidelines and considered by appellant when accepting a joint recommended sentence?

Appellant's brief at 4-5.

The first issue presented concerns whether the trial court erred in granting the Commonwealth's pre-trial motion and admitting evidence that appellant had engaged in prior drug sales. The Commonwealth argued that the prior drug sales would be introduced not to show propensity, but to demonstrate intent. (Notes of testimony, 2/22/13 at 6.)

Admission of evidence rests within the discretion of the trial court, and we will not reverse absent an abuse of discretion. *Commonwealth v. Washington*, 63 A.2d 797, 805 (Pa.Super. 2013). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Martinez*, 917 A.2d 856, 859 (Pa.Super. 2007).

Generally speaking, evidence is admissible if it is relevant, that is, "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or

presumption regarding a material fact." ***Commonwealth v. Williams***, 896 A.2d 523, 539 (Pa. 2006) (citation omitted); Pa.R.E. 402. It is settled law in this Commonwealth that other bad acts evidence is inadmissible to prove a defendant's propensity to commit crime. ***Commonwealth v. Brookins***, 10 A.3d 1251, 1256 (Pa.Super. 2010), ***appeal denied***, 22 A.3d 1033 (Pa. 2011).

However, bad acts evidence may be introduced for other limited purposes -- to prove motive, intent, absence of mistake or accident, common scheme, plan, or design, or to establish the identity of the person charged with the commission of the crime on trial. ***Commonwealth v. Slyman***, 483 A.2d 519, 531 (Pa.Super. 1984). Nevertheless, even where evidence is within one of the above exceptions, its probative value must still outweigh its prejudicial effect. ***Commonwealth v. Brozik***, 527 A.2d 161, 167 (Pa.Super. 1987).

Appellant was charged with possession with intent to deliver in connection with the search of 127 West Airy Street. Appellant stipulated that the drugs found were possessed with the intent to distribute. (Notes of testimony, 2/22/13 at 43.) Appellant challenged his connection to the contraband. However, the prior bad acts evidence that appellant had twice engaged in drug sales immediately after exiting the residence in the days preceding the search was probative of his status as a drug dealer operating out of the residence. Testimony was presented that the heroin sold to the

informant was in a bag marked "way to go" similar to the bags found in the residence searched. Thus, we find the bad acts evidence was directly relevant to the charge of possession with intent to deliver cocaine and was probative of appellant's identity and intent as a drug dealer.

Next, appellant argues that the evidence was insufficient to support his conviction of possession with intent to deliver. No relief is due.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa.Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

As appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that

possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v. Bricker*, 882 A.2d 1008, 1016-1017 (Pa.Super. 2005).

Appellant argues that he was merely present at the residence and the letter found inside addressed to him demonstrated that he lived at another address. (Appellant's brief at 17-18.) We disagree; when viewed in the totality, the facts and circumstances support the finding that appellant was in constructive possession of the contraband. The letter addressed to appellant and appellant's physical presence at the time of the search were not the only evidence presented. (Trial court opinion, 7/19/13 at 14.) The Commonwealth presented evidence that appellant was involved in a controlled heroin purchase and an uncontrolled crack purchase immediately upon exiting the residence in the days before the search warrant was executed. The Commonwealth also presented evidence that appellant fled the house when the police search began. *Commonwealth v. Hudson*, 955

A.2d 1031, 1036 (Pa.Super. 2008) (flight is a circumstance tending to prove consciousness of guilt). Appellant is entitled to no relief.[2]

The third issue presented concerns the sentence imposed of five to ten years' incarceration for appellant's conviction of possession with intent to deliver in the case indexed at No. 6404-11. Appellant claims that his decision to agree to the recommended sentence was not knowing, voluntary, or intelligent as he mistakenly believed the Commonwealth could have sought a five-year mandatory minimum based on the drugs he possessed being in close proximity to a firearm. (Appellant's brief at 19.) He avers that **Alleyne**, **supra**, would render his sentence illegal.

To the extent that appellant raises a claim of ineffectiveness of trial counsel for not contesting the Commonwealth's recommended sentence, we find this claim is premature and should properly be raised, if necessary, in a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Our supreme court recently reaffirmed the holding in

---

[2] Appellant now argues that, in its opinion, while the trial court found the packaging on the heroin and cocaine found in the residence was the same as that recovered from the prior controlled and uncontrolled buys, the evidence did not show that the heroin he sold on August 15, 2011, was packaged in material stamped "way to go." (Appellant's brief at 18-19.) Appellant also claims the evidence did not establish that the first controlled buy of heroin with the stamp "way to go" involved him. **Id.** We affirm, albeit based on an analysis different from that articulated by the trial court. **See Commonwealth v. Harper**, 611 A.2d 1211, 1213 n.1 (Pa.Super. 1992) (this court "may affirm the decision of the trial court if there is any basis on the record to support the trial court's action. This is so even if we rely upon a different basis in our decision to affirm[]") (citations omitted).

***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), in ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013). Therein, the court held "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon postverdict motions; and such claims should not be reviewed upon direct appeal." ***Id.*** at 576. The ***Holmes*** court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, holding "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffective assistance is both meritorious and apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, or "multiple, and indeed comprehensive, ineffectiveness claims if such review is accomplished by a waiver of PCRA rights." ***Id.*** at 577-578.

Instantly, the trial court did not find the claim to be meritorious, appellant has not alleged any "good cause" for seeking unitary review, and appellant has not stated his intention to waive collateral review. Thus, neither of the exceptions outlined in ***Holmes*** is applicable here, and the instant claim is not reviewable on this direct appeal.

Additionally, to the extent that appellant raises an illegality of sentence claim pursuant to ***Alleyne***, we find no relief is due. In ***Alleyne***, the United States Supreme Court held the following:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to

> the jury and found beyond a reasonable doubt.
> Mandatory minimum sentences increase the penalty
> for a crime. It follows, then, that any fact that
> increases the mandatory minimum is an "element"
> that must be submitted to the jury.

*Alleyne*, 133 S.Ct. at 2155. Recently in *Commonwealth v. Newman*, ___ A.3d ___, *2, 2014 WL 4088805 (Pa.Super. 2014) (*en banc*), this court reviewed case law tracing where the United States Supreme Court allowed trial courts to make findings regarding sentencing factors. The *Newman* court found that *Alleyne* may be applied retroactively to cases pending on direct appeal and an issue under *Alleyne* pertains to the legality of the sentence and cannot be waived on appeal. Most importantly, the *Newman* court found *Alleyne* rendered 42 Pa.C.S.A. § 9712.1 unconstitutional. *Id.* at *10. *See also Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa.Super. 2013) (*en banc*), *appeal denied*, ___ A.3d ___ (Pa. 2014).

However, the Sixth Amendment concerns present in *Alleyne* are not implicated in this case. The Commonwealth did not file notice invoking the mandatory minimum, and the court never received evidence establishing the applicability of the mandatory minimum under 42 Pa.C.S.A. § 9712.1(c). At the sentencing hearing, the parties merely indicated that they jointly recommended a five-to-ten-year sentence for possession of heroin with intent to deliver. The trial court did not make a finding concerning whether a firearm was possessed in "close proximity" to the drugs appellant was found guilty of possessing. Nor is there any indication on the record of the

terms and circumstances discussed in recommending the sentence to the trial court. This court relies only on facts of record. **Commonwealth v. Montalvo**, 641 A.2d 1176, 1183 (Pa.Super. 1994). Facts dehors the record, such as assertions that appear only in briefs, are not to be considered. **Commonwealth v. Greer**, 866 A.2d 433, 435 n.2 (Pa.Super. 2005). Appellant is not entitled to relief.

The final issue presented concerns appellant's sentence for possession with intent to deliver cocaine. Appellant argues that the evidence did not demonstrate the weight of the cocaine found in the residence. He argues that the weight would impact the offense gravity score for the possession with intent to deliver convictions. We agree with the Commonwealth that this claim is waived.

"A challenge to the calculation of the [s]entencing [g]uidelines raises a question of the discretionary aspects of a defendant's sentence." **Commonwealth v. Johnson**, 758 A.2d 1214, 1216 (Pa.Super. 2000) (citation omitted) (challenge to the discretionary aspects of sentence, alleging erroneous computation of prior record score). Since appellant is challenging the discretionary aspects of his sentence, we must consider his brief on this issue a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa.Super. 1997). **See also Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

Initially, there is a four-part test to determine if we may review the discretionary aspects of a sentence:

> 1) the issue must be specifically preserved in a timely motion to modify sentence; 2) a timely notice of appeal must be filed; 3) the issue must be set forth in the issues to be raised on appeal in the statement of questions presented; and 4) the issue must be included within a concise statement of reasons for allowance of appeal which demonstrates a substantial question that the sentence imposed was not appropriate under the Sentencing Code.

*Commonwealth v. O'Bidos*, 849 A.2d 243, 253-254 (Pa.Super. 2004).

Appellant has not satisfied each of these prerequisites. Appellant did not raise this issue at sentencing or in a post-sentence motion. Accordingly, this issue is not preserved for our review. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003) (stating issues challenging discretionary aspects of sentencing must be raised in post-sentence motion or by raising the claim during the sentencing proceedings or the issue is waived).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014

- 14 -