J-S64021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | | |
| ANTOINE DUNCAN | | |
| Appellant | | No. 229 EDA 2016 |

Appeal from the PCRA Order Dated December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1105091-2003

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Antoine Duncan, appeals from the order dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts of this case as follows:

[O]n October 7, 2003, following a confrontation in the area of 57th and Catherine Streets, shots were fired at former Philadelphia Police Officer Jeffrey Walker (Walker), an officer in the Narcotics Field Unit. The shooter was not apprehended that night. Based upon information received from an unnamed witness, a photo array was developed and Walker positively identified appellant as the person who shot at him on October 7, 2003. It was determined that the shooter resided in the area of 54th and Catherine Streets and officers from the Southwest Gun Violence Task Force and Southwest Narcotics Field Unit (SW/NFU) went to the area in search of appellant. On October 17, 2003, Police Officer Graham of SW/NFU observed appellant exit 5414 Catherine Street and get into a burgundy Toyota. Officer Graham notified police radio and followed the vehicle. A

---

[*] Former Justice specially assigned to the Superior Court.

chase ensued and the burgundy Toyota was stopped by Sergeant Malkowski and Police Officer Reginald Graham. Appellant then fled on foot with Policer Officer Brian Reynolds in pursuit. Appellant was stopped by Police Officer Brad Williams and, following a struggle, was arrested. Detective Christopher Marano spoke with appellant's father who gave verbal consent to search the house but refused to sign anything. Detective Marano, Officer Thomas Liciardello, Sergeant Malkowski and Officer Green conducted the search and recovered two loaded Ruger 9mm semiautomatic handguns from the middle second floor bedroom. The handguns were placed on a property receipt and submitted for testing. The [police arrest report] indicated that Jose Joseph McDermott prepared the arrest report[,] and [it was] approved by Supervisor Frank Vanore Jr.

PCRA Court Opinion, 3/29/16, at 1-2.

On June 29, 2005, Appellant pleaded guilty to aggravated assault and unlawful possession of firearms.[1] On July 14, 2005, he was sentenced to 10-20 years' incarceration. He did not file a direct appeal.

On April 11, 2013, Appellant filed his first PCRA Petition, alleging misconduct by Officers Liciardello and Reynolds. *See* First PCRA Petition, 4/11/13, at 2-3, ¶¶ 5-6. Appellant made no accusations against any other police officers at that time.

On May 21, 2013, Officer Walker was arrested on charges of robbery and theft. *See* Second PCRA Petition, 5/30/15; *id.*, Exhibit "1," N.T., ***U.S. v. Liciardello***, No. 2:14-cr-00412-ER (E.D. Pa.). Officer Walker pleaded

---

[1] 18 Pa.C.S. § 2702 and 18 Pa.C.S. § 6105, respectively.

guilty on February 24, 2014. ***See U.S. v. Walker***, No. 2:13–cr-00331-ER-1 (E.D. Pa. filed June 20, 2013).[2]

On April 29, 2014, Officers Liciardello and Reynolds, along with four other officers, were indicted on federal charges of racketeering, robbery, extortion, falsification of records, and other crimes committed between February 2006 and November 2012. ***See*** PCRA Court Opinion, 3/29/16, at 3.

On March 6, 2015, the PCRA court dismissed Appellant's First PCRA Petition.[3] Appellant did not appeal that dismissal.

On April 14, 2015, pursuant to a plea agreement,[4] Officer Walker testified against Officers Liciardello and Reynolds in federal court.

On May 30, 2015, Appellant filed the instant PCRA petition, his second. On October 8, 2015, the PCRA court issued a notice of its intent to dismiss

---

[2]  While the date of the guilty plea is not in the certified record, we take judicial notice of the date, which appears on the federal docket, a public record. ***See*** Pa. R. Evid. 201; ***Commonwealth v. Greer***, 866 A.2d 433, 435 n.2 (Pa. Super. 2005) (taking judicial notice of orders entered in federal court).

[3]  The basis for the PCRA court's disposition of Appellant's First PCRA Petition is not clear from the record. In its January 28, 2015 Criminal Rule 907 notice, the court stated: "Your PCRA petition alleging police misconduct in the prosecution of your case warrants no relief." Pa.R.Crim.P. 907 Notice, 1/28/15.

[4]  Appellant's Second PCRA Petition and his brief to this Court included excerpts from Officer Walker's testimony that reference his "cooperation agreement." ***See*** Second PCRA Petition, 5/30/15; ***id.***, Exhibit "1"; Appellant's Brief, Exhibit A-3, N.T., ***U.S. v. Liciardello***, No. 2:14-cr-00412-ER (E.D. Pa).

pursuant to Pennsylvania Rule of Criminal Procedure 907, stating that this second PCRA petition was untimely. On December 4, 2015, the PCRA court dismissed this petition. Appellant now appeals from that order.

In his counseled appeal, Appellant raises the following issue, as stated:

> The trial court erred in holding that the testimony of former Police Officer Jeffrey Walker[] under oath at a federal trial of his former cohorts, that he falsified paperwork, planted drugs, physically assaulted suspects and stole money and drugs during his tenure as [a] police officer was not newly discovered evidence thereby denying the Appellant a new trial.

Appellant's Brief at 2. The PCRA court deduced Appellant's issue as contending "that Walker's testimony that he engaged in planting drugs, stealing from drug dealers, physically assaulting suspects and falsifying documents constitutes newly-discovered evidence sufficient to overcome the PCRA time bar." PCRA Court Opinion, 3/29/16, at 5. The PCRA court disagreed, stating in its opinion that Appellant's contentions failed to overcome the PCRA time bar and that the court therefore lacked jurisdiction to consider his claims. *Id.* at 5-6.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the

following three exceptions to the time limitations set forth in Section 9545(b)(1) of the statute:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-652; *see* 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence became final on August 15, 2005, when the 30-day period for filing a direct appeal expired. *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008).[5] Thus, generally, Appellant would have had to file a PCRA petition by August 15,

---

[5] While the thirtieth day after Appellant was sentenced was August 13, 2005, this day was a Saturday; therefore, his time for filing a direct appeal expired at the end of the next business day thereafter, August 15, 2005.

- 5 -

2006. This petition, filed on May 30, 2015, was therefore patently untimely unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's jurisdictional time-bar within "60 days of the date the claim could have been presented." **Hernandez**, 79 A.3d at 651-652; **see** 42 Pa.C.S. § 9545(b)(2).

Appellant relies on the second of the three exceptions — that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii) (the "after-discovered facts" exception). **See** Appellant's Brief at 7. To satisfy this exception, the petitioner must allege and prove that 1) "the facts upon which the claim was predicated were unknown," and 2) those facts "could not have been ascertained by the exercise of due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007); **see Commonwealth v. Cox**, -- A.3d --, 2016 WL 5416327, *5 (Pa. 2016).

Appellant's petition did not meet these requirements. The petition, filed on May 30, 2015, relied on (1) Officer Walker's May 21, 2013 arrest, and (2) Officer Walker's April 14, 2015 testimony at the trial of Officers Liciardello and Reynolds. **See** Second PCRA Petition, 5/30/15; at ¶¶ 5-6 & Exhibit "1." As to Officer Walker's arrest in 2013, the petition was clearly not filed within 60 days as required under 42 Pa.C.S. § 9545(b)(2). Although the petition was filed within 60 days of Officer Walker's April 14,

2015 testimony, that testimony did not present any new facts applicable to this case, but was simply a new source of information about Officer Walker's illegal actions, which already were a matter of public knowledge.

Appellant is deemed to have "known" of Officer Walker's misconduct at least by February 24, 2014, when Walker's guilty plea became part of the public record. The Supreme Court of Pennsylvania has held that, "for purposes of 42 Pa.C.S. § 9545(b)(ii), information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." *Commonwealth v. Chester,* 895 A.2d 520, 523 (Pa. 2006) ("the fact that trial counsel was arrested for DUI was a matter of public record and, therefore, cannot be said to have been 'unknown' to Appellant for purposes of the PCRA's 'newly discovered evidence' exception to the PCRA's one year jurisdictional time-bar"); *see also Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004) (conviction is a matter of public record). Thus, Appellant's period to timely file his PCRA petition expired no later than April 25, 2014, 60 days from the date of Walker's February 24, 2014, guilty plea. Appellant did not file his current PCRA Petition until May 30, 2015 — 13 months later. Accordingly, Appellant's petition was untimely.

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's second, untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016