J-S21014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SAMUEL OKORIE :
:
Appellant : No. 979 WDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012588-2014

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED JULY 10, 2018**

Appellant, Samuel Okorie, appeals from the order entered on May 31, 2017 dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate the order and remand for an evidentiary hearing.

We briefly set forth the facts and procedural history of this case as follows. On September 6, 2014, Appellant offered the victim a ride home from the Southside section of the City of Pittsburgh. Along the way, he raped her on the ground in a parking lot and then forced her into his residence where he had non-consensual vaginal and anal intercourse with her. The victim fled Appellant's residence and called the police from a neighboring home. The victim directed the police to Appellant's residence and she identified him. In a subsequent search of Appellant's bedroom, police recovered the victim's cellular telephone and her ripped underwear. The victim went to the hospital,

where medical personnel conducted a rape kit examination that showed Appellant's semen and DNA were present.

On July 28, 2015, following a bench trial, the trial court convicted Appellant of one count each of kidnapping, involuntary deviate sexual intercourse, robbery, and two counts of rape.[1]  We affirmed Appellant's judgment of sentence in an unpublished memorandum on November 8, 2016. *See Commonwealth v. Okorie*, 2016 WL 6635077 (Pa. Super. 2016) (unpublished memorandum).  Appellant did not seek further review.

On March 21, 2017, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel to represent Appellant.  On April 28, 2017, appointed PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and requested to withdraw from representing Appellant.[2]  Relevant to this appeal, the *Turner*/*Finley* no-merit letter identified a potential issue related to the ineffective assistance of trial counsel. More specifically, PCRA counsel framed the prospective issue as follows:

> Trial [c]ounsel was ineffective for assuring [Appellant] that the Commonwealth's evidence was so tenuous and inconsistent that

---

[1] 18 Pa.C.S.A. §§ 2901(a)(1), 3123(a)(1), 3701(a)(1)(v), and 3121(a)(1), respectively.

[2] *Turner/Finley* counsel must review a case zealously and then submit a "no-merit" letter to the trial court detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.  *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

the verdict of guilty was highly unlikely if [Appellant] did not testify at his bench trial. Trial [c]ounsel intimidated [Appellant] and promised him a not guilty verdict in the case, and this 'poisoned [Appellant's] willingness to take the stand to testify in [his] defense which in turn led to [his] unfortunate conviction.'

***Turner*/*Finley*** No-Merit Letter, 4/28/2017, at 8. PCRA counsel then set forth his review of the applicable law and facts of the case at it related to Appellant's claim. In rejecting this claim as meritless, PCRA counsel concluded, *inter alia*:

[PCRA] counsel spoke personally with [t]rial [c]ounsel [] on [March 23, 2017], and [trial counsel] stated that he did not believe that [Appellant] would have presented well on the stand, or helped his case at all by testifying, and possibly would have damaged his case, and he thought that the Commonwealth's case was not strong enough to secure a conviction of any of the counts, and therefore [Appellant's] testimony would have been unnecessary at best, and possibly damaging at worst.

*Id.* at 8-9.

On May 4, 2017, the PCRA court entered an order granting counsel's request to withdraw and giving Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant submitted two *pro se* responses on May 16, 2017.[3] On May 31, 2017, the PCRA entered an order dismissing Appellant's PCRA petition. This timely appeal resulted.[4]

_____

[3] The trial court noted that, on May 16, 2017, Appellant submitted two responsive pleadings to the PCRA court's Rule 907 notice – a response to notice of intent to dismiss and an "Additional Brief Factual Matters of CC No. 12588-2014." Trial Court Opinion, 12/4/2017, at 6. However, as we will discuss below, these documents were never docketed in the trial court and do not appear in the certified record.

[4] Appellant retained new counsel, who filed a notice of appeal on June 30, 2017. On July 6, 2017, the trial court ordered Appellant, through new counsel,

On appeal, Appellant presents the following issue for our review:

Whether PCRA counsel and the lower court failed to meet the review requirements established in **Turner** and **Finley** to allow for proper withdrawal of counsel and then dismissal of a PCRA [petition]?

Appellant's Brief at 4.

Appellant claims that PCRA counsel was ineffective for filing a **Turner**/**Finley** letter when he presented a meritorious, reviewable issue in his PCRA petition. Appellant's Brief at 13-23. Likewise, Appellant argues that the PCRA court should not have accepted PCRA counsel's **Turner**/**Finley** letter because he presented a meritorious issue. **Id.** More specifically, Appellant claims that trial counsel was ineffective for advising him not to testify on his own behalf because his case was a "win-win" situation. **Id.** at 14. "Instead of detailing to Appellant why he should not testify, by explaining to him that he would have done poorly on the stand, trial counsel convinced Appellant that his case was a 'win-win.'" **Id.** at 16. Appellant claims that "[e]ven the trial court stated [it] could not make a proper determination in this case because Appellant did not testify." **Id.**, *citing* N.T., 5/13/2015, at 129-130 ("You know [the trial court] draws no adverse inference whatsoever from the fact that the defendant did not testify. However, I have difficulty putting the same amount of weight on the defendant's consent defense as given through

_____

to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellate PCRA counsel complied timely after the grant of an extension. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 4, 2017.

the police officer since the statement was not cross-examined. And although the defendant doesn't have to testify, the only evidence we have of consent is not direct evidence.").

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Smallwood*, 155 A.3d 1054, 1059 (Pa. Super. 2017) (citations omitted). Appellant claims the PCRA court erred in accepting PCRA counsel's *Turner*/*Finley* no-merit letter because he presented a meritorious issue regarding trial counsel's effectiveness and, therefore, *Turner*/*Finley* was inapplicable.

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (citation omitted). Counsel is presumed, however, to be effective. *Id.*

Upon review of the record, due to several errors by the PCRA court, we vacate the order dismissing Appellant's PCRA petition and remand for an evidentiary hearing. First, we address the PCRA court's 1925(a) opinion in this matter. The PCRA court stated, in pertinent part:

Initially, [Appellant] argues that [the PCRA c]ourt erred in "accepting [PCRA counsel's] *Turner*/*Finley* letter." However, [Appellant's concise statement] does not specify why [the PCRA c]ourt should not have accepted the *Turner* letter or the nature of the error in its doing so. Is he averring that there was a technical error or a defect in the pleading? Is he averring that [PCRA counsel] was not thorough enough in his review or in his *Turner* letter? Is he averring that [PCRA counsel] missed a meritorious issue from his *pro se* [p]etition and should have instead filed an [a]mended [PCRA] [p]etition? [The PCRA c]ourt is completely unable to discern the basis for this claim.

PCRA Court Opinion, 12/4/2017, at 4. As such, the PCRA court found the issue waived for failing to identify concise issues for appellate review. *Id.*

However, upon review of Appellant's Rule 1925(b) concise statement, he presented the PCRA court with the following assertions:

[Appellant's] *pro se* [p]etition for Post-Conviction Relief was far from crystal clear as to the issues he was raising. Clearly, by attaching prior filings or letters to his PCRA [petition], [Appellant] incorporated claims made in such. In a document entitled "Motion for Attorney Removal" which was attached to the PCRA [petition], "[Trial counsel] on May 13, 2015 (written poorly or an error [with the date]) which was the final day for my then ongoing trial, directly promised and assured me a "win-win" on my case pending the judge's final verdict on my case if only I did not testify to my defense expressing his disapproval and declining to put me on the stand with reason that I would ruin the "win win" verdict in which he orchestrated — behind doors." In the same document, [Appellant] asserted that he had expressed to [trial counsel] his desire to testify.

It is true that [the trial court] engaged in a colloquy with [Appellant] about his right to testify. This colloquy, however, would not absolutely dispose of a claim that the ineffective assistance of counsel resulted in a decision by [Appellant] not to testify, in a case where his testimony was so critical. [Appellant] clearly asserted and/or alleged improper advice and direction by trial counsel regarding [Appellant's] right to testify on his own behalf. [A s]tatement that a case is a "win win" is not really a

promise. [Appellant] denied that he had been promised anything to entice him to waive his right to testify. Such would, however, be terrible advice.

[Appellant] not testifying was a very critical factor in this matter. [The trial c]ourt did not hold the fact that [Appellant] did not testify against him, as raised on appeal. In fact, [PCRA c]ounsel understands that the comment made by [the trial c]ourt was made because careful consideration was given to the evidence and [the trial c]ourt acknowledged that the victim had some credibility problems. It is difficult to base a not guilty verdict, however, on mild to moderate credibility problems of a victim in a sexual offense case, where the only other witness would be the person charged. Counsel is not the most knowledgeable, the wisest or most strategic attorney, however, his belief that the defendant should always carefully consider testifying in a "he said — she said" sex case, is likely one that is, nearly, universally held.

[] This Honorable Court erred in accepting [PCRA counsel's] *Turner*/ *Finley* letter.

Rule 1925(b) Statement, 8/21/2017, at *3-4 (unpaginated).

Based upon all of the foregoing, it is clear to this Court that Appellant has consistently argued that trial counsel was ineffective for giving Appellant inaccurate or ill-considered advice regarding his right to testify on his own behalf and the potential consequences attached thereto. Appellant's current challenge avers that this claim constituted a meritorious issue and that PCRA counsel should have filed an amended PCRA petition, instead of a *Turner*/*Finley* no-merit letter. Appellant sufficiently spelled out the thrust of these allegations in his concise statement. As such, it was improper for the PCRA court to find Appellant's issue waived for vagueness.

Moreover, our Supreme Court has "made clear that, in cases where the PCRA court declined to hold a hearing, and where an assessment of witness

testimony was essential to a petitioner's ineffectiveness claims, the PCRA court must make specific credibility determinations." ***Commonwealth v. Johnson***, 966 A.2d 523, 540 (Pa. 2009). Here, while the PCRA court ostensibly credited trial counsel's statements to PCRA counsel in dismissing the PCRA petition as meritless by order, the PCRA court did not make specific credibility determinations and, instead, found Appellant's claim waived for filing a vague Rule 1925(b) statement in its subsequent opinion.

Furthermore, we note that while the PCRA court mentioned that Appellant filed two *pro se* documents in response to the PCRA court's Rule 907 notice, it did not docket those documents and they are not a part of the certified record. "When a counseled defendant files a *pro se* document, it is [to be] noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016), *citing* Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response."). A petitioner cannot raise a claim of PCRA ineffectiveness for the first time on appeal and, instead, must raise such claim to the PCRA court after receiving Rule 907 notice. ***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa. Super. 2015), *citing* ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n. 4 (Pa. 2009). Because the documents do not appear of record, we are unable to ascertain Appellant's contentions in response to the PCRA court's

Rule 907 notice to dismiss the PCRA petition without a hearing. ***See Commonwealth v. Greer***, 866 A.2d 433, 435 (Pa. Super. 2005) ("[W]e may not consider matters *de hors* the record."). As such, we are unable to determine whether Appellant alleged PCRA counsel ineffectiveness or provided additional information relevant to his claim that trial counsel was ineffective in advising Appellant regarding his right to testify. Moreover, we are unable to ascertain whether appointed PCRA counsel received Appellant's *pro se* documents in order to evaluate them and/or file necessary, additional counseled documents on Appellant's behalf.

Additionally, "[i]n order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Nieves***, 746 A.2d 1102, 1104 (Pa. 2000) (internal citations omitted). Appellant contends that trial counsel gave unreasonable advice that vitiated his decision to testify. Upon review of the ***Turner***/***Finley*** letter, PCRA counsel stated that trial counsel thought: (1) Appellant would not present well on the stand; and, (2) the Commonwealth's case was weak and, therefore, Appellant's testimony was unnecessary or potentially damaging. None of these assertions, however, explain what advice trial counsel actually gave Appellant.

Finally, we note that Appellant's claim that trial counsel was ineffective turns entirely on whether or not counsel had a reasonable strategy in giving

legal advice about Appellant's right to testify. Our Supreme Court "has expressed a preference for an evidentiary hearing on counsel's strategy before determining counsel lacked a reasonable basis for his or her actions or inactions." *Commonwealth v. Cousar*, 154 A.3d 287, 299 (Pa. 2017). "Corollary to that inclination is [the Supreme Court's] preference for an evidentiary hearing on the reasonableness of counsel's actions or inactions respecting a claim of ineffectiveness prior to a determination that counsel's actions were, in fact, reasonable." *Id.* Here, the PCRA court erred by accepting PCRA counsel's account of trial counsel's proffered strategy without an evidentiary hearing.

Based upon all of the foregoing, we vacate the order dismissing Appellant's PCRA petition and remand for an evidentiary hearing on whether trial counsel pursued a reasonable trial strategy in advising Appellant not to testify on his own behalf. *See Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015), *citing Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999) (because the PCRA court failed to make an independent credibility determination regarding the proposed testimony, and because the PCRA court as factfinder is in a superior position to make such determinations, PCRA court was directed, on remand, to conduct a hearing, and render its own, independent findings of fact and conclusions of law regarding the credibility of the proposed testimony).

Order vacated. Case remanded for an evidentiary hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2018