J-S92008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD CARTER, JR., | |
| Appellant | No. 33 WDA 2016 |

Appeal from the PCRA Order November 13, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000077-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD CARTER, JR., | |
| Appellant | No. 34 WDA 2016 |

Appeal from the Order December 9, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000077-2012

BEFORE: SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED JANUARY 24, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, James Edward Carter, Jr., appeals from the order denying

his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541–9546, without a hearing.  We affirm.

This Court, relying on the explanation of the first PCRA court,

previously summarized the facts and initial procedural history as follows:

> The above-captioned matter arises out of a series of controlled drug transactions arranged by the Pennsylvania Office of the Attorney General.  On August 6, 2010, Agent Ronald A. Pate of the Attorney General's Office provided $1,500.00 to a confidential informant for the purpose of purchasing one pound of marijuana from Defendant James Edward Carter, Jr. (hereinafter, "Defendant").  Later that day, while agents of the Attorney General's Office watched, the informant provided the $1,500.00 to Defendant.  At approximately 4:01 p.m., Defendant delivered to the informant a large zip-loc bag containing approximately one pound of green vegetable matter. The substance inside the bag was sent to the Greensburg Crime Lab for testing, and the test results revealed that the substance was 429 grams of marijuana.

> On August 16, 2010, the informant was supplied with $3,200 for the purpose of purchasing cocaine from Defendant. Later that day, while agents watched and positively identified Defendant, the informant provided the $3,200 to Defendant.  On August 30, 2010 at 1:32 p.m., Defendant delivered a baggie containing a light-colored powder to the informant by placing it in a sock by a stop sign and instructing the informant to pick it up. The baggie containing the powder was subsequently sent to the DEA Northeast Crime Lab for testing, and the test results revealed that the powder weighed 146.9 grams and contained cocaine.

> On August 9, 2011, Agent Pate from the Pennsylvania Attorney General's Office and Detective Todd Naylor filed a criminal complaint charging Defendant with four counts of possession with intent to deliver under 35 P.S. § 780-113(a)(30), two counts of possession of a controlled substance under 35 P.S. § 780-113(a)(16), and one count of theft by deception under 18 Pa.C.S.A. § 3922(a)(1).  Defendant was arrested shortly thereafter.  On January 12, 2012, Defendant

waived his right to a preliminary hearing. On February 13, 2012, the Commonwealth filed an Information charging Defendant with two counts of possession with intent to deliver, two counts of possession, and one count of theft by deception.

After several continuances of Defendant's trial, Defendant and his attorney, Mr. Louis Emmi, completed the process of selecting a jury. On March 5, 2013, before the jury was sworn, Defendant and the Commonwealth reached an agreement in which Defendant pled guilty to two counts of possession with intent to deliver. In exchange, the Commonwealth reduced the weight from 146.9 grams of cocaine to 49 grams, waived the mandatory minimum sentence, and Defendant was not required to report for execution of the sentence for a period of one month. Defendant signed an A Information, pleading guilty to the amended charges under the agreement and also signed a waiver of arraignment. In accordance with the plea agreement, Defendant was sentenced on the same date to a term of imprisonment of not less than two and one-half years nor more than five years. The Sentence Order stated that, pursuant to Defendant's plea agreement, execution of the sentence was deferred to April 4, 2013 at 9:00 a.m., when Defendant was to report to the Beaver County Jail to begin serving his sentence. On April 4, 2013, Defendant failed to appear at the Beaver County Jail as required. As a result, a bench warrant for Defendant's arrest was issued on April 5, 2013. Defendant was subsequently arrested and incarcerated on August 4, 2013.[1]

_____

[1] The trial court entered the following order on August 15, 2013:

AND NOW, this 15th day of August, 2013, having been advised that the defendant failed to appear at the date and time as set forth in the sentencing order of March 5, 2013, directing him to report on April 4, 2013, and having been advised that he was apprehended and placed in the Beaver County Jail on August 4, 2013, it is hereby order[ed] and directed that the effective date of this sentence be amended to August 4, 2013.

All other aspects of the sentence order of March 5, 2013, are to remain unchanged.

*(Footnote Continued Next Page)*

On November 8, 2013, Defendant filed a *pro se* Motion for Post Conviction Collateral Relief in which he claims that his sentence was improperly calculated, that the "evidence is more than questionable[,]" that his counsel was ineffective, and that the "evidence [was] not at trial when [Defendant was] coerced into a plea bargain "'deal.'" *Pro se* PCRA Pet., at 4. As this was Defendant's first PCRA petition in this matter, the [c]ourt appointed the Beaver County Public Defender to represent Defendant in these proceedings. On March 14, 2014, Defendant, through counsel, filed an Amended Petition for Post Conviction Relief. In the Amended Petition, Defendant incorporates his *pro se* PCRA petition by reference, and he averred that his March 5, 2013 guilty plea was not knowing, intelligent, and voluntary because he was coerced by his counsel into accepting a plea agreement he did not entirely understand or want. As relief, Defendant requests a new trial, an evidentiary hearing, or modification of his sentence. On April 22, 2014, the Commonwealth filed an Answer to Defendant's Post Conviction Relief Petition in which the Commonwealth asserts that Defendant's plea colloquy demonstrates that he understood the plea agreement and was not coerced into accepting it. The Answer also contains a New Matter in which the Commonwealth claims that Defendant failed to comply with the mandates of 42 Pa.C.S.A. § 9545(d) and, therefore, is not entitled to a hearing or any relief.

Despite the Commonwealth's claim in its New Matter, the [c]ourt held a hearing in this matter on June 9, 2014. During the hearing, Defendant was the only witness that was available to testify. After Defendant testified, the [c]ourt issued an Order continuing the PCRA hearing to September 3, 2014. The parties were directed to ensure that Defendant's prior counsel, Louis Emmi, Esquire, and the Assistant District Attorney that represented the Commonwealth during Defendant's guilty plea, Ronald DiGiorno, appear at the hearing. On September 3, 2014, the [c]ourt resumed Defendant's PCRA hearing, and heard testimony from Attorney Emmi, who testified that Defendant admitted his guilt to him and that he entered a knowing, intelligent, and voluntary plea in order to avoid a greater sentence.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

Order, 8/15/13.

- 4 -

The [c]ourt entered an Order denying Defendant's PCRA petitions on September 4, 2014. On September 5, 2014, Defendant attempted to file *pro se* a Post-Sentence Motion to reverse his conviction.[1] A Notice of Appeal was then filed on October 2, 2014. On October 6, 2014, Defendant was directed to file a 1925(b) Concise Statement of Matters Complained of on Appeal. Defendant moved for an extension of time in which to file his Concise Statement, and this was granted by the [c]ourt on October 27, 2014. On November 7, 2014, Defendant filed his Concise Statement.

> [1] The Motion was disregarded by the [c]ourt as an attempt to have hybrid representation when Defendant was already represented by counsel. **Commonwealth v. Ali**, 608 Pa. 71, 89, 10 A.3d 282, 293 (2010) (where "appellant was represented by counsel on appeal," "his *pro se* Rule 1925(b) statement was a legal nullity."); **Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137, 1139, 1141 (1993) ("There is no constitutional right to hybrid representation either at trial or on appeal. . . . A defendant may not confuse and overburden the court by his own *pro se* filings of briefs at the same time his counsel is filing briefs on his behalf.").

**Commonwealth v. Carter**, 122 A.3d 456, 1651 WDA 2014 (Pa. Super. filed

May 22, 2015) (unpublished memorandum) (quoting PCRA Court Opinion,

11/19/14, at 1–4).

On appeal, we affirmed the dismissal of the first PCRA petition.

**Carter**, 1651 WDA 2014. The present PCRA court described the subsequent

procedural history as follows:

On September 21, 2015, Defendant filed his second PCRA Petition [*pro se*], which is the basis for the instant proceedings. On October 1, 2015, the [c]ourt entered an Order and Notice of Intention to Dismiss Without Hearing in which the [c]ourt denied Defendant's request for appointment of counsel on this second PCRA Petition, notified the Defendant of the [c]ourt's intent to dismiss this second PCRA Petition without a hearing, and

explained its reasons. Those reasons were that the issues raised were previously litigated and/or waived and that Defendant's Petition was untimely and thus the [c]ourt did not have jurisdiction. On October 23, 2015, Defendant filed a Show of Cause, further arguing his position.

The [c]ourt then entered an Order on November 13, 2015 dismissing Defendant's PCRA Petition without a hearing for the reasons previously stated. On December 14, 2015, Defendant filed a Notice of Appeal.[2] This Notice, however, did not refer to the [c]ourt's Order of November 13, 2015, nor did it contain the required filing fee, nor did it contain a Petition to Proceed in Forma Pauperis. The Clerk then mailed a letter to Defendant dated December 14, 2015, which informed him of these deficiencies in his filing. Then, on December 30, 2015, Defendant filed an Application for Leave to Appeal in Forma Pauperis along with a second Notice of Appeal.

On January 12, 2016, the [c]ourt entered an Order directing Defendant to file a Concise Statement of Matters Complained of on Appeal. Defendant filed his Concise Statement on February 2, 2016.

PCRA Court Opinion, 2/12/16, at 2–3 (footnote omitted). On February 19, 2016, this Court, *sua sponte*, consolidated the appeals at 33 and 34 WDA 2016, noting that the appeal at 34 WDA 2016 "appear[ed] to be Appellant's

_____

[2] Appellant's appeal was timely filed, and he is represented by private counsel. The record reveals that Appellant placed his notice into the prison mail on December 11, 2015. Pursuant to the "prisoner mailbox rule," the notice of appeal is considered filed on the date it is delivered to prison authorities for mailing. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Moreover, even utilizing the date the notice was received by the clerk of courts, December 14, 2015, the appeal was timely. The thirtieth day of the appeal period fell on December 13, 2015, which was a Sunday. **See** 1 Pa.C.S. § 1908 (whenever the last day of any time period referred to in a statute falls on a Saturday, Sunday, or holiday, we omit that day from the computation.).

attempt at correcting or amending his notice of appeal filed at appeal number 33 WDA 2016 . . . ." Order *Per Curiam*, 2/19/16.[3] The PCRA court complied with Pa.R.A.P. 1925(a).

Appellant raises the following issues in this appeal:

I. Did the PCRA Court err in determining that the issue of the validity of the plea was previously litigated or waived[?]

II. Did the PCRA Court err in determining that the PCRA Petition was untimely[?]

Appellant's Brief at 5 (footnote omitted).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in

---

[3] The "second" notice of appeal was an attempt to correct the deficiencies of Appellant's timely notice of appeal received by the clerk of courts on December 14, 2015. A second notice of appeal was unnecessary, Appellant's correction of the deficiencies notwithstanding. *Commonwealth v. Williams*, 106 A.3d 583 (Pa. 2014) (A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective.). As the High Court stated in *Williams*:

The precise nature of the alleged defect in the . . . notice of appeal is of no consequence. As Rule 902 of the Rules of Appellate Procedure states, "failure of an appellant to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal."

*Id*. at 590. Thus, we quash the appeal docketed at 34 WDA 2016.

the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must address whether this appeal is properly before us. The PCRA court dismissed Appellant's petition as untimely. "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted). Moreover, the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). "Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that Appellant pled guilty and was sentenced on March 5, 2013. The sentencing order provided that "[p]er the

- 8 -

plea agreement, execution of sentence is deferred to April 4, 2013 . . . ."
Order, 3/5/13. Appellant failed to report on April 4, 2013, as ordered, and
on April 5, 2013, a Bench Warrant issued for Appellant's arrest. Appellant
was apprehended and incarcerated on August 4, 2013, and the court issued
the August 15, 2013 order described *supra* n.2, wherein it directed that the
effective date of Appellant's sentence be amended to August 4, 2013.

Appellant asserts that he is entitled to utilize August 15, 2013, as the
date to determine when his judgment of sentence became final. Just as we
would not use April 4, 2013, as the pivotal date, we cannot use August 4,
2013, let alone August 15, 2013.[4] The common pleas court imposed
Appellant's judgment of sentence on March 5, 2013. That Appellant
negotiated until April 4, 2013, to begin **serving** his sentence of
incarceration, or that due to his flight, Appellant's apprehension on August 4,
2013, further delayed Appellant's **execution** of his sentence of
imprisonment, does not alter the fact that the trial court **imposed**
Appellant's sentence on March 5, 2013. Thus, this is the date we must
utilize to determine the timeliness of the instant PCRA petition.

Appellant did not file a direct appeal; therefore, his judgment of
sentence became final thirty days after March 5, 2013, on Thursday, April 4,

_____

[4] It goes without saying that utilizing August 4, 2013, as the date of
imposition of sentence would permit Appellant to benefit from his
abscondence from the jurisdiction.

2014.[5]  Pa.R.A.P. 903.  Thus, Appellant had until Friday, April 4, 2014, to file a timely PCRA petition.  42 Pa.C.S. § 9545(b)(3).  The instant petition, filed September 21, 2015, is facially untimely.

Our review of the record, the briefs, and the relevant law compels our conclusion that the PCRA court has properly, thoroughly, and succinctly evaluated the issues, beginning with the untimeliness of the appeal and the inapplicability of any exception to the timeliness requirement.[6]  Therefore, we rely on the February 12, 2016 opinion of the PCRA court and adopt it as our own.[7]

The appeal at 33 WDA 2016 is affirmed.  The appeal at 34 WDA 2016 is quashed.

_____

[5]  We note that the PCRA court made a computational error by one day when determining the date when Appellant's judgment of sentence became final and a timely PCRA petition was due.  The PCRA court determined that any petition was due by Thursday, April 3, 2014, when in actuality, as noted, the pivotal date was Friday, April 4, 2014.  This computational error, however, has no effect because Appellant never filed his petition until September 21, 2014, more than five months late.

[6]  As Appellant asserts that his petition is timely, he does not argue applicability of any of the limited exceptions set forth in the PCRA.  *See* 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[7]  We direct the parties to attach a copy of the PCRA court opinion in the event of further proceedings in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/2017

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION – LAW

COMMONWEALTH OF PENNSYLVANIA      :
        :
VS.         :
        :      NO.    77 OF 2012
JAMES EDWARD CARTER, JR.,      :
        :
DEFENDANT      :

TESLA, J.                                    FEBRUARY 12 , 2016

## RULE 1925(a) OPINION

### FACTS AND PROCEDURAL HISTORY

This Opinion is issued to address Defendant's second Petition in the above-captioned case under the Post-Conviction Relief Act (hereinafter, "PCRA" or "Act"). The facts and procedural history of this case are presented in brief because they are described in greater detail in the Court's Order and Notice of Intention to Dismiss Without Hearing and in the Court's Rule 1925(a) Opinion from Defendant's first PCRA proceedings.[1]

On the eve of trial after selecting a jury, Defendant pled guilty to two counts of Possession with Intent to Deliver. Defendant signed an amended Information, pleading guilty to the amended charges per the plea agreement, and also signed waiving his Arraignment. In accordance with the plea agreement, Defendant was sentenced on the same date to a term of imprisonment of not less than two and one-half years nor more than five years. The Sentence Order stated that, pursuant to Defendant's plea agreement, execution of the sentence was deferred to April 4, 2013 at 9:00 a.m., when Defendant was to report to the Beaver County Jail to

---

[1] A copy of the following Orders are attached to this Opinion under Appendix "A" and are incorporated into this Opinion as if fully set forth herein: Order Dismissing Defendant's PCRA Petition Without Hearing, entered November 13, 2015; Order and Notice of Intention to Dismiss Without Hearing, entered October 1, 2015; and Rule 1925(a) Opinion, entered November 19, 2014.

## APP. B

begin serving his sentence. On April 4, 2013, Defendant failed to appear at the Beaver County Jail as required. As a result, a bench warrant for Defendant's arrest was issued on April 5, 2013. Defendant was subsequently arrested and incarcerated four months later on August 4, 2013.

On November 8, 2013, Defendant filed *pro se* his first Motion for Post Conviction Collateral Relief. Defendant was appointed counsel, filed an Amended Petition, and the Court held a hearing on two separate days on Defendant's Petition. The Court then denied Defendant's Petition and Defendant appealed that denial. On May 22, 2015, the Superior Court at 1651 WDA 2014 entered an unpublished memorandum decision. A copy is attached under Exhibit "A" per 210 Pa.Code § 65.37(A). The Honorable Judge Shogan, writing for the Superior Court, stated:

> We have reviewed the briefs of the parties, the relevant law, the certified record before us on appeal, and the thorough opinion of the PCRA court dated November 19, 2014. We conclude that each ineffectiveness claim raised by Appellant lacks merit and the PCRA court's well-crafted opinion adequately addresses Appellant's claims on appeal. Accordingly, we affirm on the basis of the PCRA court's opinion and adopt its reasoning as our own. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Commonwealth of Pennsylvania v. James Edward Carter, Jr., J-S20030-15, Docket No. 1651 WDA 2014, at 4 (Pa.Super. May 22, 2015) (memorandum decision).

On September 21, 2015, Defendant filed his second PCRA Petition, which is the basis for the instant proceedings. On October 1, 2015, the Court entered an Order and Notice of Intention to Dismiss Without Hearing in which the Court denied Defendant's request for appointment of counsel on this second PCRA Petition, notified the Defendant of the Court's intent to dismiss this second PCRA Petition without a hearing, and explained its reasons. Those reasons were that the issues raised were previously litigated and/or waived and that Defendant's Petition was untimely and thus the Court did not have jurisdiction. On October 23, 2015, Defendant filed a Show of Cause, further arguing his position.

2

The Court then entered an Order on November 13, 2015 dismissing Defendant's PCRA Petition without a hearing for the reasons previously stated. On December 14, 2015, Defendant filed a Notice of Appeal. This Notice, however, did not refer to the Court's Order of November 13, 2015, nor did it contain the required filing fee, nor did it contain a Petition to Proceed in Forma Pauperis.[2] The Clerk then mailed a letter to Defendant dated December 14, 2015, which informed him of these deficiencies in his filing. Then, on December 30, 2015, Defendant filed an Application for Leave to Appeal in Forma Pauperis along with a second Notice of Appeal.

On January 12, 2016, the Court entered an Order directing Defendant to file a Concise Statement of Matters Complained of on Appeal. Defendant filed his Concise Statement on February 2, 2016. In his Concise Statement, Defendant raises two issues. First, he raises as an issue whether the Court erred in failing to distinguish between his previous argument of ineffective assistance of counsel and his instant argument of facially attacking the validity of the plea. Second, he raises an issue of whether the Court erred in determining his Petition was untimely, claiming that previous appeals tolled the applicable time period.

## ANALYSIS

### A. Defendant's PCRA Petition was not timely filed and therefore the Court does not have jurisdiction to consider the merits of his claims.

Before the Court can address the merits of Defendant's arguments, it must first determine whether Defendant's Petition was timely filed. In this case, Defendant's petition is untimely and

---

[2] Although Defendant's first attempt at a Notice of Appeal did not contain either the required fee or a Petition to Proceed *in Forma Pauperis*, and did not correctly identify the pertinent Order, these matters do not necessarily affect the jurisdiction of the appellate court, but rather allow it to take any appropriate action. *See, e.g.,* Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate. . ."); First Union Nat. Bank v. F.A. Realty Inv'rs Corp., 2000 PA Super 360, ¶ 9, 812 A.2d 719, 722-23 ("[T]he perfection of the appeal does not depend in any way on the payment of the filing fee.").

3

the Court therefore does not have jurisdiction to consider his Petition. *See, e.g.*, Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014) (citing Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999)) ("PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy.").

Any petition for PCRA relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the Defendant alleges and proves that one of three enumerated exceptions applies. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(2). A notice of appeal must be filed within thirty days, after which an appellate court no longer has jurisdiction to hear the case. Commonwealth v. Bey, 437 Pa. 134, 136, 262 A.2d 144, 145 (1970); Pa.R.A.P. 903.

Defendant pled guilty on March 5, 2013 and never filed a direct appeal. The judgment therefore became final after Wednesday, April 3, 2013, thirty days later. His deadline to file a PCRA was thus April 3, 2014, also a Thursday. The instant Petition, however, was filed on September 21, 2015, over one year past the deadline.

Because Defendant's Petition was not filed within one year, it is untimely and this Court has no jurisdiction to consider the arguments made in his Petition unless one of the enumerated exceptions under 42 Pa.C.S.A. § 9545(b) is satisfied. *See* id., 1999 Pa.Super. 124, 734 A.2d at 399-400.

The exceptions for failing to file a timely PCRA Petition provided under Pa.C.S.A. § 9545(b) are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

4

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b).

At no time in his Petition does Defendant claim a retroactive constitutional right. 42 Pa.C.S.A. § 9545(b)(iii). Thus this section does not apply.

In Section 5(I) of his Petition, Defendant claims, regarding governmental interference, "The Commonwealth has changed dates, events, and withheld information from the Court and the defense." Defendant appears, as he has in the past, to be referring to the amended Information which was previously addressed in his first PCRA Petition. Contrary to Defendant's repeated assertions that he "was unaware of these charges when entering into a plea deal," the Court explained in its first Rule 1925(a) Opinion that Defendant knew of the amended Information and agreed to enter his guilty plea to those amendments, deriving a substantial benefit from that plea. Rule 1925(a) Opinion, at 9-11 (Nov. 19, 2014). No misconduct was found then, and Defendant neither pleads nor proves any different or additional misconduct now. Rather, it appears that Defendant merely wishes to relitigate issues which have already been addressed.

To the extent that Defendant intends to argue governmental interference based upon alleged ineffectiveness of his counsel (section 6(A) of his Petition refers to his counsel as "defense attorney as counsel for the prosecution"), ineffective assistance of counsel does not qualify for the governmental interference exception. 42 Pa.C.S.A. § 9545(b)(4) ("For purposes of

5

this subchapter, "government officials" shall not include defense counsel, whether appointed or retained); Com. v. Crews, 581 Pa. 45, 53, 863 A.2d 498, 503 (2004) ("[I]t is well settled that the alleged ineffectiveness of all prior counsel, including first PCRA counsel, does not fall within the governmental interference exception.").

Regarding after-discovered evidence, Section 5(II) of Defendant's Petition claims, "The amended charges were a new set of charges, with different dates and events, than what I was originally being prosecuted for." Again, this issue was already raised during the first PCRA Petition. Further, Defendant himself states in his Petition that his basis for knowing the facts on which he bases his PCRA was "personal observation of my sentencing paperwork and sentencing transcript." Thus this was not after-discovered evidence, as Defendant claims. Rather, Defendant was physically present and aware as the proceedings in this case occurred.

To the extent that Defendant's Petition appears to show that he is again complaining of ineffective assistance of counsel, this also does not excuse a failure to meet the jurisdictional timeliness requirements. *See, e.g.,* Com. v. Edmiston, 619 Pa. 549, 565-66, 65 A.3d 339, 349 (2013) cert. denied, 134 S.Ct. 639 (U.S. 2013) ("[W]e have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim. As we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar. Rather, the only cognizable exceptions are set forth at Section 9545(b)(1).").

Simply stated, at no time has Defendant alleged or proven any facts or evidence that he has since acquired which were unknown to him previously, or why such facts could not have been discovered by the exercise of due diligence in the previous proceedings. *See* Commonwealth v. Medina, 2014 Pa.Super. 108, 92 A.3d 1210, 1216 (2014) ("Due diligence

demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.").

Defendant in his Concise Statement appears to claim that the pendency of appeals should have tolled the timeliness requirement. This would be true with regard to a direct appeal. Defendant, however, did not file a direct appeal. Rather, he proceeded to file a PCRA Petition, the pendency of which does not toll the time period for subsequent PCRA Petitions. *See, e.g.*, Com. v. Rienzi, 573 Pa. 503, 506, 827 A.2d 369, 370 (2003) (quoting Com. v. Lark, 560 Pa. 487, 746 A.2d 585, 587 (2000)) ("[T]he Legislature enacted amendments to the PCRA, 'which mandate that all petitions for post-conviction relief, including second and subsequent petitions, be filed within one year of the date upon which the judgment became final, unless one of three enumerated exceptions apply.'"). As previously stated, this subsequent PCRA Petition is beyond the filing deadline.

Defendant fails to plead or prove facts that would support either the governmental interference or the after-discovered evidence exceptions which he asserts in his Petition. 42 Pa.C.S.A. § 9545(b)(1). His Petition is therefore untimely. Because his Petition is untimely, the Court does not have jurisdiction to consider Defendant's PCRA Petition, and it was therefore properly denied.

**B. The Claims raised by Defendant in his Petition have been previously litigated and/or waived and he is therefore ineligible for relief under the Post-Conviction Relief Act.**

In addition to Defendant's failure to file a timely PCRA Petition, Defendant simply is not eligible for PCRA relief under the Act because, *inter alia*, his claims have been previously litigated and/or waived.

7

To be eligible for PCRA relief, the petitioner must plead and prove by a preponderance of the evidence four general requirements. 42 Pa.C.S.A. §§ 9541-9546. First, the petitioner must have been convicted of a crime under Pennsylvania law and subsequently sentenced to either incarceration or probation. 42 Pa.C.S.A. § 9543(a). Second, the conviction and sentence must have resulted from at least one of the errors and/or violations elucidated in § 9543(a)(2) of the PCRA. Id. Third, the allegation of error must not have been previously litigated or waived by the petitioner. Id. Fourth, the petitioner must demonstrate that the failure to litigate the claim could not have been "the result of any rational, strategic or tactical decision by counsel." Id.

Defendant does meet the first requirement because he was convicted of a crime under Pennsylvania law and has been sentenced to a period of incarceration. Regarding the second requirement, Defendant claims errors or violations under § 9543(a)(2)(i)-(iv) of the PCRA, i.e., constitutional violation, ineffective assistance of counsel, unlawfully induced guilty plea, and improper obstruction by government officials of a right to appeal. Section 6(C) of Defendant's Petition states that he is complaining of "violations of U.S.C. 14th amendment. Violations of Pa.R.Crim.P. 564 and Rule 571. Ineffective Counsel and invalid plea agreement." Section 6(A) of Defendant's Petition states:

> I was originally arrested and prosecuted for crimes that allegedly occurred on 8-1-2010. After selecting a jury on these offenses and before trial, defense attorney as counsel for the prosecution reached a plea deal. During a [sic] open colloquy, the prosecution amended the charged by adding (2) additional charges and nolle pros the remaining (7) counts. These new charges are of different events than occurring on 8-1-2010. These new charges are from crimes that supposedly occurred on 8/6/2010 and 8/30/2010. I was unaware of these charges when entering into a plea deal. I was under the impression I was pleaing [sic] to crimes from 8-1-2010. Furthermore a plea was entered into before arraignment.

Regarding this second requirement of the Act, Defendant has not credibly proven the violations he pleads. Defendant was represented by counsel at his guilty plea, signed the

8

amended Information and the Guilty Plea Colloquy, entered his guilty plea on the record, received a substantial benefit from the plea including charges with reduced weight of the drugs as well as a deferred execution of sentence, which he then later failed to report for. Rule 1925(a) Opinion, at 9-11 (Nov. 19, 2014). He even claimed at the hearing on his first PCRA that he had lied under oath during his guilty plea. Id. at 9, n.4. Defendant's repeated assertions that he did not know what he was pleading to are simply incredible, and he fails to prove by a preponderance of the evidence any of the violations required by the PCRA.

Most clearly deficient in Defendant's Petition is his failure to meet the third requirement under the PCRA. The claims he raises have been previously litigated and/or waived in the prior proceedings and thus, under the Act, they cannot again serve as a basis for requesting relief. 42 Pa.C.S.A. § 9543(a)(3).

An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." Id. at § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Id. at § 9544(b).

Defendant wishes to argue in his Concise Statement that in his first Petition he only complained of ineffective assistance of counsel, and not as to the actual invalidity of the amended Information and the entry of his plea. Defendant's argument is totally without merit. The Court expressly addressed these issues in its Opinion in ultimately concluding that Defendant's counsel was not ineffective. Rule 1925(a) Opinion, at 11-12 (Nov. 19, 2014).

> Based on the Court's observation of Defendant's demeanor and testimony at the time of his plea compared with his later incredible recanted testimony, based on the credibility of Mr. Emmi's testimony, and considering the favorable terms of the plea agreement Mr. Emmi secured for Defendant, this Court finds that

9

Defendant has not met his burden of proving that he was unlawfully induced into entering his plea. Nor is the Court convinced that Defendant did not understand that he was pleading to reduced charges as outlined in the plea agreement, placed on the record, and memorialized by Defendant when he signed the amended Information in open court, waiving his arraignment to the reduced charges. N.T. 3/5/13, at 22-24.[1] The record clearly shows that Defendant was informed in open court of the reduced charges he was pleading to, the substantial benefit he obtained from pleading to those reduced charges in terms of the reduced weight and avoidance of [the] mandatory minimum sentence was explained to him, and he himself signed the amended Information and waived his arraignment. Based on these facts clearly present in the record, Defendant's argument that Mr. Emmi did not explain to him that he was pleading to an amended Information does not even meet the arguable merit prong for ineffective assistance counsel. *See* Sneed, 899 A.2d at 1076.

Rather, based on the evidence and the record, *this Court finds that Defendant's plea was indeed knowingly, intelligently, and voluntarily made. Because his plea was knowingly, intelligently, and voluntarily made, Defendant's arguments that he was ineffectively represented by counsel with regard to his entering a guilty plea have no merit. See* Willis, 2013 Pa.Super. 143, 68 A.3d at 1001-02.

Id. (emphasis added).

Defendant simply wishes to argue again regarding the amended Information and his waiver of Arraignment. These issues were already unambiguously addressed by the Court in the first PCRA Proceedings and by the Court's Opinion. Id. That Opinion was appealed and affirmed by the Superior Court, which adopted the Court's reasoning in its first 1925(a) Opinion. Thus these matters are previously litigated and cannot again serve as a basis for requesting PCRA relief.

Further, the issues of an amended Information and Arraignment were also waived by failing to properly include them within Defendant's first PCRA Petition. Commonwealth v. Williams, 2006 Pa.Super. 121, 900 A.2d 906, 909 (2006) (failure to raise issue at PCRA Petition stage waives issue and precludes it on appeal). Indeed, the issues of the amended Information and Arraignment were first waived when Defendant entered his guilty plea. Com. v. Eisenberg, 98 A.3d 1268, 1275 (Pa. 2014) ("[U]pon entry of a guilty plea, a defendant waives all claims and

10

defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed . . . ."); Com. v. Jones, 593 Pa. 295, 307, 929 A.2d 205, 212 (2007) (Defendant who plead guilty waived right to challenge alleged defect in Information); Com. v. Montgomery, 485 Pa. 110, 114, 401 A.2d 318, 319-20 (1979) (Defendant who pled guilty waived right to challenge alleged defect in Indictment); Com. v. Hill, 427 Pa. 614, 617, 235 A.2d 347, 349 (1967) (Defendant who pled guilty waived right to challenge validity of arraignment.)

Because Defendant's arguments have already been raised in this Court and its decision reviewed and affirmed by the Superior Court, they are previously litigated. By entering a guilty plea and by failing to raise them at earlier stages in his criminal proceedings, Defendant's issues are also waived. Because his issues are previously litigated and/or waived, they are not eligible for relief under the PCRA. 42 Pa.C.S.A. § 9543(a)(3). Therefore Defendant's Petition was properly denied without a hearing.

**C. There was neither a violation of the Rules of Criminal Procedure nor prejudice to Defendant and therefore he is not entitled to relief.**

Even if Defendant's Petition was not untimely and even if the issues he raises were not previously litigated and/or waived, still there was no violation of Rules 564 or 571 as he alleges, nor has he been prejudiced. The Court notes the legal authorities which Defendant cites in his petition, to wit, Com. v. Bricker, 2005 PA Super 307, 882 A.2d 1008, and Pa.R.Crim.P. 564, 571. Unfortunately for Defendant, the authorities he cites cut directly against his arguments.

Pa.R.Crim.P. 571(D) states that a defendant may waive his arraignment where he is represented by counsel and the defendant signs and files a written waiver meeting certain

11

requirements. Defendant did exactly that, as this Court has previously observed. Thus the rule was not violated.

Pa.R.Crim.P. 564 states that an information may be amended "provided the information as amended does not charge an additional or different offense." In Bricker, the case which Defendant cites, the Superior Court explains precisely the meaning and purpose of this rule.

> We have stated that the purpose of Rule 564 "is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa.Super.2001) (citation omitted). The test to be applied is:
>
>> [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

Bricker, 2005 PA Super 307, ¶ 27, 882 A.2d at 1019 (citing Commonwealth v. Davalos, 779 A.2d 1190, 1194 (Pa.Super. 2001)). *See also* Com. v. Mentzer, 2011 PA Super 62, 18 A.3d 1200, 1202-03.

In this case, Defendant was not charged with additional crimes in the amended Information. Rather, in accordance with the plea agreement, he was charged with fewer and less serious crimes. In this case, the weight of the cocaine Defendant was charged with was reduced from 146.9 grams to 49 grams, with Defendant receiving only a thirty to sixty month sentence instead of the seventy-two to ninety month sentence indicated by the Sentencing Guidelines. Rule 1925(a) Opinion, at 10 (Nov. 19, 2014). This reduction, in addition to other considerations such as the Commonwealth not requesting application of the mandatory minimum sentence, was

to effectuate the plea agreement from which Defendant plainly derived a substantial benefit. Further, Defendant was capably represented at the time of his plea. *See* Jones, 593 Pa. at 307, 929 A.2d at 212 ("It is clear that [a defendant] and his counsel [are] well aware of the charges" when they have "negotiated a plea bargain with the Commonwealth.").

Despite his subsequent dissatisfaction with his decision to enter a guilty plea, "the law does not require that [a defendant] be pleased with the outcome of his decision to enter a plea of guilty . . . ." Commonwealth v. Willis, 2013 Pa.Super. 143, 68 A.3d 997, 1002 (citing Commonwealth v. Anderson, 995 A.2d 1184, 1192 (Pa.Super. 2010)). Defendant fails to demonstrate either that there was a violation of Rule 564 as explained by the Court in Bricker, or that he has been prejudiced.

Because there has been no violation of either Rule 564 or Rule 571 and because Defendant, with the assistance of counsel, waived his Arraignment and agreed with the amended Information in accordance with a plea agreement from which he greatly benefitted by minimizing the considerable exposure he had in this case, Defendant's issues have no merit and were properly denied.

## CONCLUSION

For the aforementioned reasons, the issues which Defendant raises were properly denied and the decision of this Court should be affirmed.

BY THE COURT:

_____  J.

KIM TESLA
JUDGE

2016 FEB 12 P 1: 59

BY THE COURT

13